**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Ranger Aviation Leasing, L.L.C.,** *Plaintiff* | § § § | |
| **v.** | § | **No. 1:25-cv-01797-ADA-SH** |
| **Brunner Aerospace, L.L.C. and John Brunner,** *Defendants* | § § § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE UNITED STATES DISTRICT JUDGE**[1]

Counsel for Defendant Brunner Aerospace, LLC and John SP Brunner, II moved to withdraw, alleging that "Defendants failed substantially to fulfill an obligation to the Firm regarding the Firm's services, after having been given reasonable warnings that a withdrawal may occur unless the obligation is fulfilled" and "the representation will result in an unreasonable financial burden on the Firm." Dkt. 14 at 1. The Court granted counsel's motion on September 2, 2026. Dkt. 15.

In the Order granting the motion, this Magistrate Judge informed Defendant Brunner Aerospace, a limited liability company, that it cannot continue to litigate this case without counsel. *Id.* at 2 (citing *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("[A] corporation cannot appear in federal court unless represented by a licensed attorney.")). The Court gave Brunner Aerospace 30 days to retain new counsel and warned: "If no attorney appears on Defendant Brunner Aerospace's behalf by **October 6, 2026**, the Court will recommend that default

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and his Standing Order on referrals to United States Magistrate Judges.

judgment be entered against it." *Id.* at 3 (citing *Shinsho Am. Corp. v. HyQuality Alloys, LLC*, 694 F. Supp. 3d 805, 817 (S.D. Tex. 2023) (entering default judgment against LLC after it failed to hire new counsel when admonished to do so), *aff'd*, 2024 WL 3738476 (5th Cir. Aug. 9, 2024)).

As of this date, new counsel has not entered an appearance on Brunner Aerospace's behalf. "When a corporate defendant fails to obey orders to obtain counsel after being warned of the consequences of failing to do so, the district court may properly strike its defenses or enter default." *Sweeney v. Hoy Health LLC*, No. SA-22-CV-00323-XR, 2023 WL 11904104, at *3 (W.D. Tex. Nov. 3, 2023).

## I. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable District Judge **STRIKE** Brunner Aerospace, L.L.C. from Defendants' Counterclaim (Dkt. 9) and **ORDER** the Clerk of Court to enter default against Defendant Brunner Aerospace, L.L.C. for failure to defend under Rule 55(a). Plaintiff then may apply for a judgment based on the default. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

## II. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings

and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 13, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE